# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DESERT VALLEY PAINTING & DRYWALL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:10-CV-00490-KJD-GWF <br><br> **ORDER** |

Presently before the Court is Plaintiff's Motion to Consolidate (#38/39). Defendant filed a response in opposition (#42) to which Plaintiff replied.

Plaintiff seeks to consolidate this action with three others filed by different drywall contractors who are also seeking a refund of payroll and employment taxes for the tax quarters beginning January 1, 2004 through December 31, 2006. Federal Rule of Civil Procedure 42 (a)(2) allows a court to consolidate actions when they involve common questions of law or fact. "To determine whether to consolidate, a court weighs the interest of the judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Sw. Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D. Cal. 1989).

In the present action, the Court finds that consolidation is not appropriate, because though the factual circumstances are similar, the application of at least two of the three prongs of the "safe harbor" provisions of Section 530 of the Revenue Act of 1978 are uniquely individual. See 26 U.S.C. § 3401; Springfield v. United States, 88 F.3d 750, 751 n.2 (9th Cir. 1996). While one prong, "the reasonable basis" prong, may be proven through evidence of industry-wide practice, the other prongs are based on the individual practices of each company. Though the plaintiffs have adopted an Alexandre Dumas "all for one, one for all" strategy in order to establish the industry-wide practice, plaintiffs' strategy is not binding upon the Court. The other two prongs are based upon each plaintiff's individual treatment of its employees and contractors and the separate filings made by each employer to satisfy its duty to report information to the Internal Revenue Service. Therefore, the Court finds that the inconvenience to a few witnesses is outweighed by the potential for confusing the jury with an onslaught of information which must be separated between four separate plaintiffs.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Consolidate (#38/39) is **DENIED**.

DATED this 30th day of January 2012.

_____
Kent J. Dawson
United States District Judge