1
2
3
4               **UNITED STATES DISTRICT COURT**
5                    **DISTRICT OF NEVADA**
6

7   DESERT VALLEY PAINTING & DRYWALL,    )
    INC.,                                )
8                                        )
            Plaintiff & Counterclaim Defendant,  )      Case No.  2:10-cv-00490-KJD-GWF
9                                        )
    vs.                                  )      **ORDER**
10                                       )
    UNITED STATES OF AMERICA,            )
11                                       )
            Defendant & Counterclaim Plaintiff.  )
12   _____ )

13          This matter is before the Court on Plaintiff/Counterdefendant Desert Valley Painting and

14   Drywall, Inc.'s (hereinafter "Desert Valley") Motion for Clarification and Motion to Compel (#50),

15   filed on June 1, 2012.  Defendant/Counterclaimant United States (hereinafter "the Government")

16   filed its Opposition to Plaintiff's Motion for Clarification and Motion to Compel (#52) on June 18,

17   2012.   On June 29, 2012, the parties filed a stipulation to extend the time for Plaintiff to file its

18   reply while the parties attempted to resolve at least some of the issues raised in the motion to

19   compel.  On August 15, 2012, Desert Valley filed its Notice of Withdrawn Issues Regarding

20   Motion for Clarification and Motion to Compel (#56).  Desert Valley thereafter filed its Reply to

21   Opposition to Motion for Clarification and Motion to Compel (#57) on August 28, 2012.  The

22   Court conducted a hearing in this matter on September 7, 2012.

23                            **BACKGROUND**

24          The issue in this case is whether drywall workers who performed work on behalf of Desert

25   Valley from 2003 to 2006 were its employees or independent contractors.  The Government

26   contends that the drywall workers were Desert Valley's employees and that it was therefore

27   required to withhold employee taxes from their pay.  Desert Valley contends that it contracted with

28   Centennial Drywall Systems, Inc. ("Centennial") to provide drywall workers for construction

projects in Southern Nevada.  Desert Valley alleges that Centennial represented that the IRS approved its treatment of the workers as independent contractors pursuant to a 1989 worker classification letter it received from the IRS.  Desert Valley alleges that it relied on Centennial's representations regarding the IRS's approval of the worker's independent contractor classification and that it was the industry standard in Southern Nevada to treat drywall workers as independent contractors.  Desert Valley alleges that beginning in 2007 the IRS began efforts to reclassify the drywall workers as employees rather than independent contractors.  The IRS first attempted to collect employment taxes from Centennial and when that effort was unsuccessful, pursued efforts to collect employee taxes from Desert Valley and other drywall contractors who used Centennial's services.

The Government filed a motion for protective order in September 2011 in regard to Desert Valley's Fed.R.Civ.Pro. 26(a)(1) witness disclosures which indicated that Desert Valley intended to elicit testimony from IRS employees regarding their analysis, impressions and conclusions during the administrative process relating to Desert Valley's alleged tax liability.  The Government also sought a protective order regarding Desert Valley's requests for production of documents to the extent they seek such information.  The Government argued that the factual and legal analysis employed by the IRS during the administrative process is irrelevant because the district court is required to make an independent or *de novo* determination of Desert Valley's alleged tax liability.

This Court agreed with the Government's argument and granted the protective order.  *See Order (#41), filed November 3, 2011.*  The Court, however, limited the scope of the protective order with respect to the defense raised by Desert Valley pursuant to Section 530(a)(2) of the Revenue Act of 1978.  That statute provides that a taxpayer has a reasonable basis for not treating an individual as an employee if the treatment was based in reasonable reliance on (A) judicial precedent, published rulings, technical advice with respect to the taxpayer, or a letter ruling to the taxpayer; (B) a past IRS audit of the taxpayer in which there was no assessment attributable to the treatment of individuals holding substantially similar positions to that held by the subject individual(s); or (C) long-standing recognized practice of a significant segment of the industry in which such individual was engaged.  In addition to these listed circumstances, a taxpayer may

1   demonstrate any other reasonable basis for not treating an individual as an employee for tax

2   purposes. *Order (#41), pgs. 7-8.* Because Desert Valley's defense is based on representations

3   allegedly made to Centennial by the IRS, and by Centennial to Desert Valley and other drywall

4   contractors, the Court held that Desert Valley was entitled to conduct discovery regarding

5   communications between the IRS and Centennial, as well as IRS audits of Centennial which

6   allegedly did not result in a conclusion  that the drywall workers were employees of Centennial.

7   *Id., pgs. 9-11.* The Court held, however, that internal memoranda containing the IRS's analysis,

8   recommendations or conclusions regarding the employment status of the drywall workers are

9   irrelevant if the memoranda or their contents were not disclosed to Centennial or Desert Valley.

10   *Id., pg. 11.*

11        After the protective order was granted, the Government supplemented its discovery

12   responses.  In its Motion for Clarification and Motion to Compel (#50), Desert Valley argues that

13   the Government may be improperly withholding relevant documents and information based on an

14   overly broad interpretation of the protective order.  Desert Valley argues that it is unable to make

15   this determination, however, because the Government has not provided any affidavits or "privilege"

16   logs which adequately describe the information or documents that have been withheld based on

17   lack of relevancy.  Desert Valley therefore seeks to compel the Government to further supplement

18   its discovery responses or to provide more specific descriptions of the information and documents

19   that have been withheld.

20                                    **DISCUSSION**

21        Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain

22   discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  For

23   good cause, the court may broaden the scope of discovery to any matter relevant to the subject

24   matter involved in the action.   Relevant information need not be admissible at trial if the discovery

25   appears reasonably calculated to lead to the discovery of admissible evidence.  Relevancy under

26   Rule 26(b)(1) is liberally or broadly construed.  *U.S. E.E.O.C. v. Caesars Entertainment, Inc.,* 237

27   F.R.D. 428, 431-32 (D.Nev. 2006).  The party opposing discovery has the burden of showing that

28   the discovery is overly broad, unduly burdensome or not relevant.  *Graham v. Casey's General*

*Stores,* 206 F.R.D. 251, 253-4 (S.D. Ind. 2000).  To meet this burden, the objecting party must specifically detail the reasons why each request is irrelevant.  *Id.,* citing *Schaap v. Executive Indus., Inc.,* 130 F.R.D. 384, 387 (N.D. Ill. 1990) and *Walker v. Lakewood Condominium Owners Assoc.,* 186 F.R.D. 584, 587 (C.D. Cal.1999).  "However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request."  *Marook v. State Farm Mutual Auto. Ins. Co.*, 259 F.R.D. 388, 394-95 (N.D. Iowa 2009), quoting *Cunningham v. Standard Fire Ins. Co.,* 2008 WL 2902621 at *1 (D. Colo.).

        **1.**     **REQUESTS FOR PRODUCTION**

        **A.**     **Request for Production Nos. 3, 8, 9, 10, 11, 12, 15, 16 and 18.**

Several of Desert Valley's requests for production are quite general in their description of the requested documents.  Request No. 3 requests "all documents prepared by you prior to the commencement of this action which refer, reflect or relate to any facts which support your defense against Plaintiff's claim and/or your counterclaim in this action."  Request No. 8 requests "all documents that support your defense that 'Plaintiff's workers . . . were properly classified by the IRS as Plaintiff's employees.'"  Request No. 9 requests "all documents that support your defense that 'Plaintiff is not entitled to a refund in this matter as Plaintiff does not qualify for relief under Section 530(a) of the Revenue Act of 1978.'"  Request No. 10 requests "all documents on which you rely to defend against Plaintiff's claims and/or support your counterclaim, that have not been produced in your responses to the preceding requests."  These requests call for the Government to broadly determine which documents are relevant to its defenses or counterclaim.  They also overlap more limited requests such as Request No. 15 which seeks all documents regarding communications made by Desert Valley which the Government contends are admissions of the Plaintiff and Request No. 16 which seeks all documents regarding communications made by Centennial which support the Government's contention that the workers Centennial provided to Desert Valley were employees of Desert Valley.

Although the Government objected to these requests on various grounds, including the work product doctrine, it stated that it had already disclosed witnesses and documents it may use to

4

support its defenses and counterclaim and that it would produce additional relevant and non-privilege documents in accordance with the protective order.  The Government states that following the issuance of the protective order in November 2011, it produced an additional 4,000 pages of documents.  *Opposition (#52), pg. 5.* The Government further states that it has withheld fewer than 70 irrelevant pages produced by the IRS in connection with its audit of Plaintiff, while producing over 2,100 relevant pages; and that with respect to documents connected to the audit of Centennial, it withheld roughly 8,300 pages of documents as irrelevant, while producing nearly 4,000 relevant pages.  *Id., pg. 6.*  The Government states that of the withheld material, approximately 6,000 pages are account transcripts showing Forms 1099 (Miscellaneous Income that relate to years that are not at issue in this case).  Almost 1,700 additional pages represent duplicates of account transcripts that have already been produced.  The Government states that the remaining 600 pages largely fall into five major categories, ranging in size from roughly 60-150 pages, listed from most to least voluminous: (1) internal IRS transcripts and documents containing the IRS' analysis, mental impressions, and theories; (2) duplicates of Centennial promotional materials already within Plaintiff's possession, custody or control; (3) documents concerning certain third party (non-Plaintiff) drywall companies that contracted with Centennial; (4) records of IRS investigations of Centennial that were not focused on employment tax adjustments; and (5) materials related to the Nevada Contractor's Board's investigation of Centennial.  *Id., pg. 6.*

Desert Valley does not expressly take issue with the Government's assertion that the documents described in categories (2)-(5) are irrelevant, although its does not concede the point either.  Desert Valley's chief concern appears to be that the Government may be improperly withholding documents or parts of documents on the grounds that they are protected from disclosure by the protective order without providing adequate descriptions of the withheld information so that Desert Valley can make informed decisions whether to challenge the Government's assertions.  Desert Valley notes in this regard that the Government has redacted at least 310 pages of documents in whole or in part without providing adequate information about the nature of the redactions.  *Reply (#57), pg. 7.*

. . .

5

1        As a general matter, a party responding to discovery is not required to provide a specific

2   description or log of the documents in its possession, custody or control that it asserts are irrelevant

3   or not responsive to the discovery requests.  When a governmental agency asserts that otherwise

4   relevant documents are protected from disclosure by the deliberative process privilege, however, it

5   is required to provide a particularized explanation of why each document falls within the privilege.

6   This submission is referred to as either a privilege log or *Vaughn* index.  *Nevada v. U.S. Dept. of*

7   *Energy*, 517 F.Supp.2d 1245, 1254 (D. Nev. 2007).  The index requirement serves to allow the

8   requesting party to contest the contention that the document falls under the privilege and prevents

9   burdensome and non-adversarial *in camera* review of *ex parte* submissions from becoming the

10  norm.  *Id.* citing *Wiener v. F.B.I.*, 943 F.2d 972, 977 (9th Cir. 1991).

11       The protective order in this case was based on the Government's assertion that the IRS's

12  administrative analysis, impressions and conclusions regarding the employment status of the

13  drywall workers are irrelevant.[1]  It was not based on an assertion of the deliberative process

14  privilege.  The Government asserts in its opposition to Desert Valley's motion for clarification and

15  motion to compel, however, that the protective order overlaps with the deliberative process

16  privilege which covers documents "reflecting advisory opinions, recommendations and

17  deliberations comprising part of the process by which government decisions and policies are

18  formulated." *Opposition (#52), pgs. 7-8*, citing *Department of Interior v. Klamath Water Users*

19  *Protective Ass'n*, 532 U.S. 1, 8 (2001), citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150

20  (1975).  Thus, "any information that would otherwise be protected from disclosure by the

21  deliberative process privilege is irrelevant under the protective order." *Id.*[2]

22  _____

23       [1] These matters are irrelevant because the IRS's analysis and conclusions are not,
    themselves, at issue in this case.  The facts underlying the IRS's analysis and conclusions are at
24  issue, however, and are therefore relevant.

25       [2] The deliberative process privilege is formally invoked by the head of agency after he or she
26  has personally considered the material in question and has submitted a declaration stating the
    precise reasons for reserving the confidentiality of the information and identifying and describing
27  the documents to which the privilege is asserted.  *EEOC v. Hotspur* Resorts, 2012 WL 2415541, *2
    (D.Nev. 2012), citing EEOC *v. Peoplemark, Inc.*, 2010 WL 748250, *3 (W.D.Mich. 2010).  *See*

28

The Court generally agrees with the Government's assertion.  The question arises, however, as it does under the deliberative process privilege, whether relevant factual information contained in the IRS's administrative documents can be segregated from the evaluative or deliberative content, and produced to Desert Valley.  In *EPA v. Mink*, 410 U.S. 73, 87-88, 93 S.Ct. 827, 837-838 (1973), the Supreme Court stated that memoranda consisting only of compiled factual material, or purely factual material contained in a deliberative memoranda and severable from its context, is generally discoverable.  *Mink* directed lower courts to apply a flexible, common sense approach in determining whether the factual information can be segregated from the evaluative or deliberative content.  *Id.* 410 U.S. at 91, 93 S.Ct. at 838.

In *National Wildlife Federation v. United States Forest Service*, 861 F.2d 1114, 1119 (9th Cir. 1988), the Ninth Circuit stated that "'[i]n some circumstances, even material that could be characterized as 'factual' would so expose the deliberative process that it must be covered by the [deliberative process] privilege.'" (internal citation omitted). The court adopted a "process-oriented" or "functional" test under which factual materials will be exempt from disclosure to the extent that they reveal the mental processes of decisionmakers. *"In other words, whenever the unveiling of factual materials would be tantamount to the 'publication of the evaluation and analysis of the multitudinous facts' conducted by the agency, the deliberative process privilege applies." Id.* (internal quotations marks and citations omitted).

This functional test should no be carried too far, however.  In *Playboy Enterprises v. Dept. of Justice*, 677 F.2d  931, 935 (D.C. Cir. 1982), the court rejected the argument that because a report reflects the author's "choice, weighing and analysis of facts," the factual content of the report is also protected as a part of the deliberative process.  The court stated that "[a]nyone making a report must of necessity select the facts to be mentioned in it; but a report does not become a part of

_____

*also Islamic Shura Council of Southern California v. F.B.I.*, 635 F.3d 1160, 1166 (9th Cir. 2011). In this case, the Government has not complied with the formal requirements for invoking the deliberative process privilege.  However, compliance with these formalities is not required in regard to the Government's alternative objection based on lack of relevance.

the deliberative process merely because it contains only those facts which the person making the report thinks material.  If this were not so, every factual report would be protected as a part of the deliberative process." *Id.*

Desert Valley attached to its motion copies of documents produced by the Government that have been substantially redacted.  *Motion (#50), Exhibit 13.*  The Government also produced a privilege log in support of its assertion that the deliberative process privilege applies to the redacted documents.  *Id., Exhibit 12.*  The privilege log identifies the title or nature of the document, its author, its date (if known), and states that it is withheld based on the deliberative process privilege.  Although the titles of some of the documents indicate that they are analytical or deliberative type memoranda, e.g. "IRS Memorandum: Appeals Summary and Recommendation," the Court agreed with Desert Valley that the privilege log, alone, does not provide sufficient information to determine whether the redacted portions have been properly withheld.  The Court therefore ordered that the unredacted documents in Exhibit 13 be provided to the Court for *in camera* review.  Having reviewed the documents, the Court finds that there is relevant factual information in the redacted documents that can be produced to Desert Valley without disclosing the IRS employees' analysis, impressions and conclusions.  The Court will return to the Government's counsel a copy of the documents submitted for *in camera* review which identifies those portions of the redacted documents that should be produced to Desert Valley.

Desert Valley also attached to its reply brief additional redacted documents produced by the Government.  *Reply (#57), Exhibit 2.*  Desert Valley also states that the Government has produced at least 310 pages of documents which have been redacted.  The Government has apparently not provided a "privilege" log for the redactions in these documents.  Based on the Court's finding that the documents submitted for *in camera* review contain factual information that can be disclosed without revealing the mental processes of the IRS decisionmakers, it is possible that the Government has also withheld, in whole or in part, other documents that contain relevant factual information that could be disclosed without revealing the IRS employees' analysis, impressions and conclusions.  The Court does not intend, however, to undertake *in camera* review of other withheld or redacted documents.  Instead, the Government is ordered to reconsider documents it has

8

withheld or redacted based on the protective order in this case.  The Government should produce

those documents or parts of documents, previously withheld, that contain relevant factual

information which can be disclosed without revealing the IRS's administrative analysis,

impressions and conclusions.  The Government should also provide a "privilege" log or index

which adequately explains the grounds for withholding the document or a portion therefore based

on the protective order.  The log or index shall include a certification that the withheld document or

portion thereof does not contain relevant factual information, or that the relevant factual

information cannot be segregated and produced without disclosing the IRS employees' analysis,

impressions and conclusions.

The foregoing discussion appears to resolve the issues relating to Desert Valley's Request

for Production of Documents Nos. 3, 8, 9, 10, 11, 12, 15, 16 and 18.

**B.      Request for Production No. 6.**

Request for Production No. 6 requests all documents that support the Government's denial

of the allegation in paragraph 11 of the complaint that "the Internal Revenue Service attempted to

collect payroll taxes from CDSI [Centennial] but was unsuccessful."  The Government responded

to this request by referring to its response to Interrogatory No. 7 in which it stated that it did not

deny the allegations in paragraph 11 of the complaint, but rather stated that it lacked knowledge or

information sufficient to form a belief as to the truth of those allegations.  The interrogatory

answer, thus, indicates that the Government does not know whether the IRS attempted to collect

payroll taxes from CDSI, but was unsuccessful.

A party is generally charged with knowledge of what its agents know, or what is in records

available to it, or even information others have given to it on which it intends to rely in the action.

A party cannot limit its discovery responses to matters within its own knowledge and ignore

information immediately available to it or under its control.  *FDIC v. Halpern*, 271 F.R.D. 191, 193

(D.Nev. 2010), citing  8B Wright, Miller, Kane & Marcus, *Federal Practice and Procedure* § 2177

(3rd Ed. 2010).  The Government has a duty to make reasonable inquiry into the information or

documents in its possession, custody and control that will permit it to answer Interrogatory No. 7

and produce documents responsive to Request No. 6.  If after reasonable inquiry, the Government

9

1   is still unable to answer the interrogatory or produce documents, then it may properly so state. The
2   Court therefore directs the Government to supplement its response to Request No. 6 and/or
3   Interrogatory No. 7 in a manner consistent with this order.

4   **C.     Requests for Production Nos. 19-23.**

5          Request for Production No. 19 requests all advice memoranda, including but not limited to
6   Background Advice Memoranda, Chief Counsel Advice, Field Service Advice, National Office
7   Advice Memoranda, Litigation Guideline Memoranda, Private Letter Rulings, Technical Advice
8   Memoranda and Written Determinations, issued by the IRS that the Government contends are
9   relevant in interpreting the proper tax treatment of the issues that arose in the audits of Plaintiff's
10  employment tax returns.  The Government objected to this request on the grounds that it seeks to
11  inquire into attorney work product and the thought process of counsel for the United States.  In its
12  opposition to Desert Valley's motion, the Government further states that "none of the requested
13  categories of documents are relevant to the proper tax treatment in this de novo proceeding, and,
14  therefore, there are no documents that are responsive to the request.  *Opposition (#52), pg. 8, n. 7.*
15  Based on the Government's representation that it does not contend that any of the requested
16  documents are relevant in interpreting the proper tax treatment of the issues that arose in the audits
17  of Plaintiff's employment tax returns, Desert Valley's motion to compel responses to Request No.
18  19 is denied.

19         Request No. 20 requests all Announcements, Cumulative Bulletins, Disclosure Litigation
20  Bulletins, Internal Revenue Bulletins, IRS Publications, News Releases, Notices, Revenue
21  Procedures, Pamphlets and/or Handbooks, issued from 1991 to the present which in any way relate
22  to the topics at issue in the audit of Plaintiff's 2004, 2005 and 2006 employment tax returns.
23  Request No. 21 requests all Non-Docketed Significant Advice Review and/or Action on Decision
24  issued and/or released from 1991 to the present which in any way relate to the topics at issue in the
25  audit of Plaintiff's 2004, 2005 and 2006 employment tax returns.  Request No. 22 requests all
26  Appeals Technical Guidance or other issue papers released pursuant to the Appeal Industry
27  Specialization Program or Appeals Coordinated Issue Program which in any way relate to the
28  topics at issue in the audit of Plaintiff's 2004, 2005 and 2006 employment tax returns.  Request No.

23 requests all Attorney General Opinions, Briefing Memorandum, Controller General Opinions, General Counsel Memoranda, Legal Memoranda, Revenue Rulings, Technical Memoranda, and/or Treasury Decisions issued and/or released by the Government from 1991 to the present which in any way relate to the topics at issue in the audit of Plaintiff's 2004, 2005 and 2006 employment tax returns.

The Government objected to Request Nos. 20-23 on the grounds that they are overbroad and unduly burdensome, are not calculated to lead to the discovery of admissible evidence, and also seek to inquire into the attorney work product and thought process of counsel for the Government. Desert Valley argues that the foregoing requests are relevant to determining the IRS's guidelines for classifying workers and/or the applicability of Section 530 relief for use in either the presentation of Plaintiff's case or defenses as well as to challenge the validity and viability of the Government's claims. *Reply (#57), pg. 22.* In its opposition, the Government argues, however, that the requests are overbroad in that they "appear to request every pronouncement the IRS has made in over two decades in relation to employment tax issues." *Opposition (#52), pg. 8, n. 8.* The Government further states that a search for "employment tax" in Westlaw's IRS Administrative Materials (FTX-RELS) database returns 4,894 unique responsive documents. The Government states that the records sought by Desert Valley are publicly available and the Government should not be burdened with producing the documents and, in effect, performing legal research for Plaintiff's counsel. *Id.* Desert Valley argues, however, that "such a search is prohibitively costly for Plaintiff who would incur database access charges *on either a per document basis or a costly per hour charge* because it is not a database its counsel's office subscribes to." *Reply (#57), pg. 23.* Additionally, Desert Valley argues that not all of the documents are available on Westlaw. Desert Valley argues, however, that the Government has access to all these documents in its electronic databases and that they can be identified through a simple word search. *Id.*

Desert Valley's assertion that the requests are relevant to its claim that it is entitled to relief under §530(a) of the Revenue Act of 1978 is questionable. Section 530(a)(2) provides that a taxpayer has a reasonable basis for not treating an individual as an employee if the taxpayer's treatment of such individual "was *in reasonable reliance on* ... (A) judicial precedent, published

11

rulings, technical advice with respect to the taxpayer or a letter ruling to the taxpayer." (Emphasis added).  The reliance element in the statute obviously contemplates that the taxpayer was aware of the judicial precedent, published rulings, or technical advice, *et cetera,* at the time it made the decision to not treat the individual as an employee.  Absent information that Desert Valley seeks production of IRS documents that Desert Valley actually relied on in making its decision regarding the employment status of the drywall workers, Request Nos. 19-23 are not relevant to Desert Valley's assertion that it is entitled to relief under §530(a)(2).

In *Acord v. Unites States*, 92 F.R.D. 355 (E.D.Mo. 1981), the plaintiff taxpayer requested all memoranda, letters, documents or reports in the government's possession relating to numerous revenue rulings, and any letter rulings and associated documents in which the IRS had approved or denied a plan proposed to qualify under Section 403(b) of the Internal Revenue Code in circumstances allegedly similar to those at issue.  The court held that the requested documents were irrelevant because they had no bearing on plaintiffs' action for a tax refund.  The court relied on *International Business Machines Corp. v. United States*, 343 F.2d 914, 919 (Ct.Cl. 1965), cert. denied, 382 U.S. 1028, 86 S.Ct. 647, 15 L.Ed.2d 540 (1966) in which the court stated that "taxpayers can never avoid liability for a ... tax by showing that others have been treated generously, leniently or erroneously by the Internal Revenue Service-each individual must rest ... on the validity of his own position, under the applicable taxing provision independently of others." The court in *Tupper v. United States*, 1995 WL 230551, *3 (D.Mass. 1995) also held that similar document requests in a tax refund case were irrelevant.

The Government also argues that Request Nos. 20-23 seek to make the Government do Plaintiff's legal research.  In support of this argument, the Government relies on *Lewis v. Chicago Housing Authority*, 1991 WL 222167, (N.D.Ill. 1991) in which the plaintiff requested any documents that the defendant intended to rely on in support of its contention that lost wages were not available to plaintiff as a matter of law.  The court denied this request because it asked for the production of defendant's work product and the disclosure of the mental impressions, conclusions, opinions and legal theories of defendant's counsel.  The court stated that "[p]laintiff's attorneys can do their own research on the law of damages and argue their own conclusions before this court.

12

We will not order defendant to do plaintiff's legal research." *Id.* at *4.

In *United States v. The Northern Trust Co.*, 210 F.Supp.2d 955 (N.D.Ill. 2001), the government sought to recover a tax refund to which the defendant allegedly was not entitled. The defendant sought production of certain IRS rules, procedures, guidelines and instructions which the government asserted amounted to a request to turn over its legal research. In ruling on this objection, the Court stated:

> Concededly, the language is broadly phrased and would appear to include many publicly available documents. Defendants must do their own research to find the relevant legal authorities. Many informal opinions, internal policies and procedures, however, are not publicly available. Those that are prepared in the ordinary course of the IRS' operations, not in preparation of litigation, are not work product. (citations omitted). These are discoverable.

*Id.* 210 F.Supp. 2d at 958.

*See also National Advance Systems v. United States*, 16 C.I.T. 659, 795 F.Supp. 1208 (C.I.T. 1992) (holding that information contained in judicial rulings and findings, textbooks, treatises, and dictionaries could be obtained by the plaintiff without undue hardship and the court would not order defendant to do plaintiff's research).

Request Nos. 20-23 seek a wide range of IRS or United States Government publications or other documents without any clear demonstration of how they are relevant to the issues in this action. Compliance with the requests would require the Government to assemble, copy and produce thousands of documents, many of which the Government asserts are publicly available. Although Desert Valley's counsel states that it would be unduly expensive for Desert Valley to obtain the documents through Westlaw, this expense appears to be due in large part to the over breadth of the requests. Desert Valley also states that some of the requested documents may not be publicly available through Westlaw or otherwise, but it does not identify which of the requested documents can only be obtained from the Government, or why those documents are relevant to the claims and defenses in this case. Accordingly, Desert Valley's motion to compel responses to Request Nos. 20-23 is denied.

. . .

. . .

13

## 2.   INTERROGATORIES

### A.   Interrogatory No. 3.

Interrogatory No. 3 asks the Government to "identify all persons interviewed, or otherwise communicated with by anyone on your behalf with regard to the subject matter of this action prior to the date on which the plaintiff filed this action and (a) [s]tate the substance of such communication, and (b) identify any documents that memorialize such communications." The Government objected to this interrogatory on the grounds that it is compound and overbroad. Subject to that objection, the Government stated that "responsive communications regarding Plaintiff's employment tax liabilities are summarized in the following nonprivileged documents:" The Government then lists the bates numbers of documents. The Government ends its response to the interrogatory by stating: "The identities of individuals involved in each correspondence, as well as the substance of each correspondence, can be found therein."

It is not clear from the parties' briefs what is actually in dispute in regard to the Government's response to Interrogatory No. 3. The Government's response does not list the names of individuals who were interviewed by it in connection with the subject matter of the action. The Government, however, identified documents which it states contain the identity of the individuals involved "in each correspondence" and the substance of the "correspondence." Desert Valley's motion and reply briefs are unclear as to whether Government's representations regarding the documents referenced in its response to the interrogatory are accurate. Desert Valley is entitled to a responsive answer to Interrogatory No. 3. The parties are directed to further meet and confer on this interrogatory and see if they can resolve the dispute–whatever it is. If they cannot resolve the issue, then they may submit follow-up written status reports that clarify for the Court what is in dispute regarding the Government's response to this interrogatory.

### B.   Interrogatory Nos. 11, 12, 13 & 14.

Interrogatory 11 asks the Government to identify all of its employees, agents, or representatives who participated in the audit of Centennial's 1988 and 1989 employment tax returns or who had input into the worker classification determination resulting from that audit. Interrogatory No. 12 asks the Government to identify all of its employees, agents, or representatives

14

1      who participated in the audit of Centennial's Form 1120 tax return for tax year ending October 31,

2      1990 or who had input into the worker classification determination resulting from that audit.

3      Interrogatory No. 13 asks the Government to identify all of its employees, agents, or representatives

4      who participated in the 1994 worker status determination regarding Centennial worker William D.

5      Knowles, and/or had input in the resulting worker classification determination.  Interrogatory No.

6      14 asks the Government to identify all of its employees, agents, or representatives who participated

7      in the audit of Centennial's 2004 and 2005 employment tax returns, and/or had input into the work

8      classification determination resulting from that audit.  The Government objected to these

9      interrogatories on the grounds that they are not reasonably calculated to lead to the discovery of

10      admissible evidence.

11             The identities of IRS employees, agents or representatives who may have knowledge of

12      facts relevant to the issues in this case, or who may have engaged in communications with

13      Centennial and/or Desert Valley regarding the employment status of the drywall workers, are

14      relevant and discoverable.  The Government is, therefore, ordered to answer Interrogatory Nos. 11-

15      14 to this extent.  Neither the Government nor its past or present employees, agents or

16      representatives, are required, however, to disclose their internal administrative analysis,

17      impressions and conclusions regarding the employment status of the drywall workers.

## CONCLUSION

19      **IT IS HEREBY ORDERED** that Desert Valley's Motion for Clarification and Motion to

20      Compel (#50) is **granted**, in part, as follows:

21             Within fourteen (14) days of the filing of this order:

22             1.      Defendant shall produce those redacted portions of the documents contained in

23      Exhibit 13 to Plaintiff's Motion (#50) that the Court has identified in its return of the unredacted

24      documents submitted for *in camera* review;

25             2.      Defendant shall review other documents that it has withheld, in whole or in part,

26      based on the protective order, *Order (#41)*, and shall produce those documents or parts of

27      documents, previously withheld, that contain relevant factual information which can be disclosed

28      without revealing the IRS's administrative analysis, impressions and conclusions.  The Government

shall provide a "privilege" log or index which adequately explains the grounds for withholding each document, or portions thereof, based on the protective order.  The log or index shall include a certification that the withheld document, or portion thereof, does not contain relevant factual information, or that the relevant factual information cannot be segregated and produced without disclosing the IRS employees' analysis, impressions and conclusions;

3.     Defendant shall respond to Request No. 6 in accordance with this order;

4.     Defendant shall answer Interrogatory Nos. 11, 12, 13 and 14 in accordance with this order; and

5.     The parties shall further meet and confer regarding Defendant's answer to Interrogatory No. 3 and may submit follow-up status reports if they are unable to resolve the dispute.

The remainder of Plaintiff's Motion for Clarification and Motion to Compel (#50) is **denied.**

DATED this 5th day of October, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge